# CIRCUIT COURT OF THE CITY OF ROANOKE

Anton G. Oelgoetz, Jr.

v.

Appalachian Appraisal
Services, Inc.,
Daniel Doss,
and Patricia Hendrix

February 15, 2000

Case No. CL99-315

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant claims that he was constructively discharged from his employment because of the sexual advances made against him by his supervisor, Defendant Hendrix. He further claims that Defendant Hendrix was negligently retained after Plaintiff complained of her actions to Defendant Doss, a director, officer, and employee of the corporation. Finally, he claims that the tort of intentional infliction of emotional distress was perpetrated upon him by the actions of Defendant Hendrix. The Defendants demur to all counts, which demurrers the Court sustains with the exception of the last count against Hendrix.

## Constructive Discharge

The Virginia legislature has eliminated common law actions for, and substituted in their place statutory remedies for, unlawful discharge of an employee by an employer based on race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, or age if the employee is forty years or older. See § 2.1-725, Code of Virginia (1950), as amended. In

this case, Plaintiff alleges that Defendant maintained a sexually hostile and sexually offensive work environment which was so onerous that Plaintiff was forced to quit his job, thereby causing a constructive discharge by the Defendant employer that is nothing more than a claim that Plaintiff was wrongfully discharged from his employment because of his sex, a claim that is exclusively covered by the remedies set forth in § 2.1-725(D). The attempt to tie this discharge to the public policy enunciated by certain criminal statutes, and not those public policies contained in the Virginia Human Rights Act, is not successful as currently pleaded. The correctness of the Plaintiff's position only occurs if he appropriately implicates the public policy dealing with being a victim of a specific crime or crimes. See *Dray v. New Market Poultry Products, Inc.*, 258 Va. 187, 518 S.E.2d 312 (1999), and *Mitchem v. Counts*, 259 Va. 179, 523 S.E.2d 246 (2000). Accordingly, the demurrer to Count I of the Motion for Judgment is sustained insofar as the Defendant company is concerned, with leave granted to the Plaintiff to file an amended pleading within 21 days of the date of this letter opinion. The demurrer is also sustained as to the Defendants Doss and Hendrix because they were not Plaintiff's employers and could not have constructively discharged him from his employment.

### Negligent Retention

The tort of negligent retention of an unfit supervising employee requires that injury and actual damages must occur *after* an employer has been given reasonable notice that the supervisor may be unfit and/or may pose a potential danger to others. In this case, the allegation that Plaintiff told his employer that his supervisor stared at him, that she told him that he had pretty blue eyes, and that she gave him a document that referred to sexual matters are not sufficient to put the employer on notice of the realistic existence of potential danger to others from the retained supervisor. See *Southeast Apartments Management, Inc. v. Jackson*, 257 Va. 256, 261 (1999). The final allegation that the supervisor posed for nude, sexually explicit photographs and sent those to the employee on his office computer, when coupled with the other allegations, are sufficient to overcome the demurrer on the issue of notice to the employer. When the employer refused to take action and the employee quit his job so as not to be at risk of injury from future anticipated sexual harassment, the risk of injury also ceased. Upon the facts as pleaded, the alleged tort of negligent retention of a supervising employee had not yet caused injury to the Plaintiff when he left his employment. To allow the Plaintiff to proceed under these circumstances would sanction speculation and

would create a new rule of law allowing for anticipatory injury and damages in tort cases, steps the Court is not willing to take. The demurrer to Count II of the Motion for Judgment against the Defendant company is therefore sustained. The Plaintiff is granted leave to file an amended pleading against the Defendant company within 21 days, assuming additional facts exist. To the extent that this allegation concerns the Defendants Doss and Hendrix, the demurrer is also sustained because, not being the Plaintiff's employer, they could not have negligently retained anyone.

### Intentional Infliction of Emotional Distress

Assuming the truth of the facts alleged for purposes of ruling on the demurrer, the Court finds that the Defendant Hendrix was certainly "on a frolic of her own" when she displayed her amorous proclivities to the Plaintiff. These actions were not in the furtherance of, nor incidental to, the employer's business. Under these circumstances, "the master is no longer answerable for the servant's conduct." *Taylor v. Robertson Chevrolet Co.*, 177 Va. 289, 295 (1941). Insofar as the allegations of intentional infliction of emotional distress against Defendants Appalachian Appraisal Service, Inc., and their agent, Daniel Doss, are concerned, the demurrer is granted.

The allegation that Defendant Hendrix intentionally inflicted emotional distress upon the Plaintiff is a factual question and is properly pleaded. Although the Court questions the severity of the emotional distress suffered by the Plaintiff and whether Defendant's conduct is sufficiently "extreme and outrageous" to overcome a Motion for Directed Verdict at the conclusion of the Plaintiff's evidence, the demurrer to this count involving Defendant Hendrix is overruled. See *Womack v. Eldridge*, 215 Va. 338, 342 (1974).